# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 22, 2013

The Honorable Elton R. Mathis
Waller County Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

Opinion No. GA-1014

Re: Whether counties operating under the County Road Department System may accept money from private entities in exchange for agreeing to repair or improve county roads designated by the private entities (RQ-1111-GA)

Dear Mr. Mathis:

You inquire about the authority of Waller County (the "County") to accept monetary donations from private entities in exchange for maintenance of roads designated by the entities.[1] In describing a proposed agreement, you state that "[t]here are several private companies that wish to donate money for materials to the county to repair and improve a particular public road as designated by the private companies." Request Letter at 1. You tell us that "[i]n consideration for the donations, the county would agree to expend county labor and equipment to work on the specific roads under the agreement and to complete the work in a set amount of time." *Id.* You indicate that the County operates under subchapter D, chapter 252, of the Transportation Code, which provides for the County Road Department System. *Id.* at 2. You ask whether the County may make use of donation provisions from the other subchapters of chapter 252. *See* Request Letter at 3. You also ask generally about the County's authority to enter into the proposed agreement. *See id.*

Subchapter D, chapter 252, is one of four optional, alternative statutory systems for the administration of county roads. *See* TEX. TRANSP. CODE ANN. §§ 252.301–.313 (West 1999 & Supp. 2012); *see also id.* §§ 252.001–.216 (West 1999) (setting out three other systems for county road administration). The two donation provisions to which you refer—sections 252.109 and 252.214—provide for the county to accept "donations of labor, money, or other property to aid in building or maintaining roads in the county." *Id.* §§ 252.109, .214. Contained in

---

[1]*See* Letter from Honorable Elton R. Mathis, Waller Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Feb. 14, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

subchapters B and C respectively, sections 252.109 and 252.214 do not apply to a county operating under subchapter D, and there is no similar provision in subchapter D. *See generally id.* §§ 252.301–.313 (West 1999 & Supp. 2012). Sections 252.109 and 252.214 are evidence that the Legislature knows how to authorize a county to accept donations with respect to county roads. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 885 (Tex. 2000) (relying on principle of statutory construction that the Legislature knows how to enact laws effectuating its intent). The Legislature has not done so for counties that operate under subchapter D. *See PPG Indus. v. JMB/Houston Ctrs. Partners Ltd.*, 146 S.W.3d 79, 84 (Tex. 2004) (noting that a statute's silence can be significant and that an analysis begins with presumption that the Legislature knows how to enact what it intends). Absent such express provision, we cannot conclude that the Transportation Code is a source of authority for the County to accept donations for the maintenance and construction of county roads.[2]

The Local Government Code, however, separately provides that any county commissioners court "may accept a gift, grant, [or] donation . . . of money or other property on behalf of the county for the purpose of performing a function conferred by law on the county or a county officer." TEX. LOC. GOV'T CODE ANN. § 81.032 (West 2008); *see* TEX. GOV'T CODE ANN. § 311.016(1) (West 2013) ("'May' creates discretionary authority or grants permission or a power."). Maintenance of a county road is a function conferred on the commissioners court by statute. TEX. TRANSP. CODE ANN. §§ 251.003(a), 252.302(a)–(b) (West 1999). Under section 81.032, a commissioners court has discretionary authority to accept a gift, grant, or donation of money for the purpose of maintaining county roads. TEX. LOC. GOV'T CODE ANN. § 81.032 (West 2008).

You suggest that section 81.032 of the Local Government Code is inapplicable. *See* Request Letter at 3. You assert that the silence in subchapter D, chapter 252 of the Transportation Code is a more specific indication of legislative intent that prevails over the general provision in section 81.032. *See id.* We disagree. Absent a conflict between statutes there is no need to resort to the canon of statutory construction that a specific statute prevails over a general one. *See* TEX. GOV'T CODE ANN. § 311.026 (West 2013). To conclude that a county operating under the County Road Department System is not authorized to accept donations pertaining to county roads as a county function under section 81.032 because of the absence of express authority to accept donations in subchapter D ignores the existence and plain language of section 81.032. Courts "'do not lightly presume that the Legislature may have done

---

[2]You state that a prior opinion from this office, Texas Attorney General Opinion GA-0345 (2005), seems to suggest that the County could incorporate donation provisions from the other subchapters of chapter 252. Request Letter at 3. Because the request letter seeking that opinion did not indicate under which system Waller County operated and because it specifically raised section 252.214 in subchapter C, opinion GA-0345 assumed the County operated under that subchapter and based its conclusions on that assumption. *See* Tex. Att'y Gen. Op. No. GA-0345 (2005) at 2 n.5. The opinion is correctly decided given the assumption. However, to the extent that assumption was incorrect, we clarify the opinion with our conclusion here.

a useless act'" or enacted a meaningless statute. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 637 (Tex. 2010) (citation omitted).

You also suggest that the conditions attached to the proposed agreement are such that the proffered money is not a gift, grant, or donation. *See* Request Letter at 6–7 (arguing that money offered to induce the County's agreement regarding the roads is akin to consideration to support contractual obligations and is not a voluntary gift). This office has previously concluded that a commissioners court does have authority to accept a donation for a specific county road subject to reasonable conditions so long as the conditions are not inconsistent with other law. *See* Tex. Att'y Gen. Op. Nos. GA-1010 (2013) at 2, GA-0359 (2005) at 3, JC-0073 (1999) at 2–3. Generally, the discretionary authority in section 81.032 includes the authority to evaluate whether money proffered to a county constitutes a gift as well as whether any conditions attached to a particular offer of money are reasonable and consistent with other law. *See* Tex. Att'y Gen. Op. No. GA-1010 (2013) at 2; *see also* Tex. Att'y Gen. Op. No. JC-0073 (1999) at 2–3 (advising that the "availability of donated money for improving a road is one factor, but certainly not the only factor, for the court to consider in deciding whether . . . to improve a particular county road"). A court has authority to disturb a commissioners court's decision to improve a particular county road where the commissioners court "has acted arbitrarily, capriciously, collusively, fraudulently, or otherwise in abuse of its discretion." *Hooten v. Enriquez*, 863 S.W.2d 522, 528 (Tex. App.—El Paso 1993, no writ).

We caution that this discretion is not unfettered. A Texas court has stated that a commissioners court "cannot delegate" its decision-making power over improving public roads, "nor can it divest itself of such power by agreements in advance to exercise such discretion in any particular manner, and any agreement, the tendency of which is to preclude the court from a full and free exercise of its discretion as to the particular roads that were to be improved . . . would be against public policy." *Grayson Cnty. v. Harrell*, 202 S.W. 160, 163 (Tex. Civ. App.—Amarillo 1918, writ ref'd). Under this precedent, a written agreement with a private party that purported to obligate the County to maintain certain roads or conduct improvements on a certain schedule would be unenforceable. In addition, a prior attorney general opinion pertaining to donations under section 252.214 advised that "[i]n deciding whether . . . to improve a particular county road, the commissioners court should evaluate all factors in terms of their contribution to the county road system as a whole" and that the "availability of donated money for improving a road is one factor, but certainly not the only factor, for the court to consider in deciding whether . . . to improve a particular county road." Tex. Att'y Gen. Op. No. JC-0073 (1999) at 2–3.

In sum, in counties operating under the County Road Department System, the county commissioners court has discretion, subject to judicial review, under section 81.032 of the Local Government Code to determine whether and under what conditions to accept monetary donations from private entities. While a county commissioners court may not delegate its decision-making power over improving public roads, it has the authority to accept donations subject to conditions so long as the conditions are reasonable and not inconsistent with other law. In deciding whether to accept any specific donation, the commissioners court should carefully evaluate all factors relevant to the improvement of any particular road.

## S U M M A R Y

In counties operating under the County Road Department System, the county commissioners court has discretion, subject to judicial review, under section 81.032 of the Local Government Code to determine whether and under what conditions to accept monetary donations from private entities.   While a county commissioners court may not delegate its decision-making power over improving public roads, it has the authority to accept donations subject to conditions so long as the conditions are reasonable and not inconsistent with other law.   In deciding whether to accept any specific donation, the commissioners court should carefully evaluate all factors relevant to the improvement of any particular road.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee